CULPEPPER, Judge
(dissenting).
The majority opinion correctly states the law which places a very high degree of care on the owner of an animal to see that it does not cause damage to others. Jurisprudence is also quoted for the rule that cattlemen have a right to prudently drive their cattle across the highway. I agree with these statements of law but am of the opinion these rules have not been correctly applied to the facts of the present case.
In my view, the facts clearly support the finding of the trial judge that the defendant was negligent. He was driving 25 or 30 head of cattle through thick woods which extended to within 11 feet of a blacktopped state highway. There was an unreasonable risk of foreseeable harm in choosing such a place to drive the cattle across the road, without having someone to warn approaching traffic that cattle might suddenly dart out from the dense woods.
Defendant himself admitted it was a hazardous situation. He says that when he heard the plaintiff approaching on his motorcycle, he stopped his horse in order to try to keep the cattle from running across the road. However, this precaution did not prevent the accident. For, a calf suddenly darted out of the woods and directly into the motorcycle.
The majority opinion does not hold plaintiff was contributorily negligent. The facts clearly show he was not. He had slowed down from 40 miles per hour to a speed of 20 to 25 miles per hour. The calf ran out of the woods without warning and directly into the motorcycle. There was no chance for plaintiff to escape.
For the reasons assigned, I respectfully dissent.